IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CR-00067-F-1
No. 7:14-CV-00112-F

| | |
|---|---|
| CHARLES RONALD LOCKLEAR, JR., ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-100] Charles Ronald Locklear, Jr.'s pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-94, -98].[1] Also before the court is Locklear's Motion to Supplement [DE-106]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED, Locklear's § 2255 motion is DENIED, and Locklear's Motion to Supplement is ALLOWED.

**I. Factual and Procedural Background**

On May 24, 2011, Locklear was charged in a single-count indictment with possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Indictment [DE-1]. On August 19, 2011, Locklear filed a Motion to Suppress [DE-19] certain evidence. The court denied the Motion to Suppress on January 11, 2012.

At Locklear's arraignment, held on January 17, 2012, he pled not guilty. On January 20, 2012, shortly before his trial was set to begin, Locklear pled guilty pursuant to a written plea

---

[1] Locklear's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-94], which was filed on May 28, 2014. At the court's direction, Locklear filed a "conforming" motion [DE-98] on June 23, 2014.

agreement [DE-61].

On April 24, 2012, the court held Locklear's sentencing hearing and sentenced him to 195 months' imprisonment. *See* Judgment [DE-79]. On April 25, 2012, Locklear filed a Notice of Appeal [DE-75]. In an unpublished opinion [DE-91], the Fourth Circuit Court of Appeals affirmed Locklear's conviction and sentence.

Locklear filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-98] on June 23, 2014. In his § 2255 motion, Locklear argues that he is entitled to relief on the following grounds: (1) his attorney provided ineffective assistance of counsel when he failed to investigate and argue that he was not eligible for enhancement under 18 U.S.C. § 924(e); and (2) his attorney provided ineffective assistance of counsel by failing to advise him that by pleading guilty he would forfeit the right to assert Constitutional claims pertaining to events that occurred prior to his plea. On July 14, 2014, the Government filed a Motion to Dismiss [DE-100], arguing that dismissal is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area*

2

*Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

#### A. § 2255 Motion

##### 1. Locklear has failed to state a claim of ineffective assistance of counsel.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As for the second prong, the petitioner must demonstrate that his counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will

3

address both of Locklear's ineffective assistance of counsel claims in turn.

### a. Failed to investigate and argue he was not eligible for enhancement

In his first claim, Locklear alleges that his attorney provided ineffective assistance of counsel when he failed to investigate and argue that he was not eligible for enhancement under 18 U.S.C. § 924(e). Mem. Law [DE-98-1] at 3-7. This claim must fail because Locklear qualified for the statutory enhancement provided for in 18 U.S.C. § 924(e)(1). Under § 924(e)(1), a defendant who violates § 922(g) and "has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another," shall have his statutory maximum and minimum term of imprisonment enhanced to a range between 15 years and life. A "violent felony" is defined in part as any crime punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), or "is burglary, arson, or extortion [or] involves use of explosives . . . ." 18 U.S.C. § 924(e)(2)(B)(ii).

Locklear contends that he does not have the three predicate convictions necessary for a § 924(e) enhancement because he pled guilty pursuant to an *Alford*[2] plea to seven breaking and entering convictions from 1990. Mem. Law [DE-98-1] at 3-4. Locklear appears to assert that his convictions dated March 14, 1990, were based on *Alford* pleas. *See* PSR ¶¶ 7-14.

Assuming that Locklear's March 14, 1990 convictions were based on *Alford* pleas and do not count as violent felonies, Locklear has still sustained three violent felonies prior to his conviction for the instant offense. Locklear pled guilty to three breaking and entering offenses that were committed on occasions different from one another. On May 18, 1990, Locklear pled

---

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

4

guilty to breaking and entering and larceny after breaking and entering that occurred on October 12, 1989. *See* PSR ¶ 16. Locklear received a sentence of five years of custody consolidated with a conviction for attempted first degree burglary. *Id.* ¶¶ 15, 16. On August 3, 1993, Locklear pled guilty to breaking and entering and larceny that occurred on March 30, 1992, and Locklear received a sentence of eight years of custody. *Id.* ¶ 17. On March 22, 1993, Locklear pled guilty to breaking and entering and larceny after breaking and entering that occurred on April 1, 1992, and received a sentence of ten years' imprisonment. *Id.* ¶ 18. Even assuming the two offenses committed on April 1, 1992, count as one violent felony, the Fourth Circuit has treated the North Carolina offense of breaking or entering as a burglary, an enumerated offense. *See United States v. Mungro*, 754 F.3d 267, 270 (4th Cir. 2014) (reviewing N.C. Gen. Stat. § 14-54(a)).

At the time of Locklear's convictions, the breaking and entering offenses carried a presumptive sentence of three years. The relevant statute, North Carolina General Statutes § 14-54(a), treated and still treats felonious breaking and entering as a Class H offense. *See State v. Thompkins*, 348 S.E.2d 605, 606 (N.C. Ct. App. 1986). Pursuant to then-effective Fair Sentencing Act, the presumptive term for a Class H felony was three years. *United States v. Newbold*, 791 F.3d 455, 457 n.2 (4th Cir. 2015).

The offenses also occurred on occasions different from one another. "Convictions are considered to have occurred on different occasions under the [Armed Career Criminal Act] if each offense 'arose out of a separate and distinct criminal episode.'" *McMillion v. United States*, Nos. 5:05-CR-216-FL-1, 5:13-CV-771-FL, 2015 WL 3633684, at *6 (E.D.N.C. June 10, 2015) (quoting *United States v. Letterlough*, 63 F.3d 332, 335 (4th Cir. 1995)). In this case, the offenses that occurred on April 1, 1992, occurred at different residences.

The court concludes that Locklear was properly enhanced under § 924(e), so Locklear's

attorney was not ineffective for failing to raise this issue. *See Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996) (holding that failure to raise a meritless argument can never amount to ineffective assistance). Moreover, the court concludes that Locklear's attorney did not provide deficient performance by failing to anticipate the change of law brought about with *Johnson*. *See United States v. Tillery*, Nos. 3:10-CR-223, 3:14-CV-275, 2015 WL 3651144, at *7 (E.D.Va. June 11, 2015) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1992)). Because Locklear's sentence was properly enhanced under § 924(e), the court concludes that Locklear has failed to show any prejudice. Accordingly, Locklear's first claim must fail under both prongs of the *Strickland* standard.

### b. Failed to advise him he would forfeit the right to assert claims

Locklear alleges in his second claim that his attorney provided ineffective assistance of counsel by failing to advise him that by pleading guilty he would forfeit the right to assert Constitutional claims pertaining to events that occurred prior to his plea. Mem. Law [DE-98-1] at 7-9. Specifically, Locklear claims he didn't know and was never advised that his plea would preclude an appeal of the denial of his motion to suppress. *Id.* at 9.

Locklear's plea agreement contained the following waiver:

> To waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waiver all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-61] at 1. At the court's direction at Locklear's change of plea hearing, the prosecutor read the terms of the plea agreement into the record. *See* January 20, 2012 Tran. [DE-

6

88] at 5-11. After Locklear, who was under oath, confirmed the substance of his agreement with the Government, the court explained to him the provision in the plea agreement waiving direct appeal and collateral review of his conviction and sentence, except on the grounds of ineffective assistance of counsel or prosecutorial misconduct not know to him at the time he entered his guilty plea. *Id.* at 11. Again, Locklear, who was under oath, confirmed his understanding of the waiver provision. *Id.*

Based on Locklear's sworn statements at the Rule 11 hearing, the court finds that his waiver was both knowing and voluntary. Moreover, the Fourth Circuit Court of Appeals held that Locklear knowingly and voluntarily waived his right to appeal. The court concludes that Locklear was aware of the appellate waiver he agreed to as part of his plea agreement. The court finds that Locklear cannot show prejudice because the court advised him of the appellate waiver, and the appellate waiver was in his signed plea agreement with the Government. Locklear has made an insufficient showing on the prejudice prong of the *Strickland* standard; therefore, this court need not address the performance prong. *See Strickland,* 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one."). Consequently, Locklear's second claim must fail under *Strickland*.

**B. Motion to Supplement**

In his Motion to Supplement, Locklear asks the court to consider the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in evaluating his challenge to his enhanced sentence under 18 U.S.C. § 924(e). Mot. Supp. [DE-106] at 1. *Johnson* addressed whether increasing a defendant's sentence based on the residual clause contained in 18

7

Case 7:11-cr-00067-F   Document 110   Filed 12/16/15   Page 7 of 9

U.S.C. § 924(e)(2)(B)(ii) violates due process. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The court in *Johnson* held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557.

The court agrees that *Johnson* should be considered in evaluating Locklear's case. Accordingly, Locklear's Motion to Supplement is ALLOWED.

### IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-100] is ALLOWED, Locklear's § 2255 motion [DE-94, -98] is DENIED, and Locklear's Motion to Supplement [DE-106] is ALLOWED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Locklear has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 16 day of December, 2015.

James C. Fox
Senior United States District Judge

9